(No. 46155.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. LARRY GRAYSON, Appellant.

*Opinion filed Sept. 17, 1974.—Rehearing denied Nov. 26, 1974.*

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin and Nunzio D. Tisci, Assistant Public Defenders, and Robert B. Thompson (Senior Law Student), of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Larry Grayson, the appellant here, and Donald Hall pleaded guilty on February 21, 1969, to armed robbery and were sentenced to 5 years' probation. Subsequently both were indicted for the April 9, 1970, armed robbery of Thaddeus Lukas. On July 20, the defendants were acquitted on that armed robbery charge in a bench trial. The evidence against them at that trial consisted of the

testimony of the victim and the victim's brother, which the trial judge expressly found insufficient to support a finding of guilt beyond a reasonable doubt. On July 28 a petition to revoke defendants' probation was filed alleging as the only grounds therefor the commission of the Lukas robbery. The same witnesses who had testified at the earlier trial testified at the revocation hearing. A different trial judge found this evidence sufficient to hold defendants had violated their probation, their probation was revoked, and defendants were sentenced to terms of 3 to 8 years on the original armed robbery conviction. The First District Appellate Court affirmed (13 Ill. App. 3d 1049), and we granted defendant Grayson leave to appeal.

While we do not have before us the transcript of the testimony at the bench trial which resulted in the acquittal of defendants, it is not suggested that the evidence heard at the probation revocation hearing was any different from that heard at trial. We shall therefore, as did the appellate court, assume the evidence was substantially the same. The only issue apparently in dispute in both the armed robbery trial and the revocation hearing was the identity of the robbers.

We have not heretofore considered whether acquittal at a criminal trial precludes a subsequent revocation of probation predicated upon the same evidence which resulted in the earlier acquittal. Defendant urges that the judgment of acquittal in the armed robbery trial precluded the State, under the doctrines of collateral estoppel and double jeopardy, from relitigating the controlling facts of the identity of the robbers in a probation revocation hearing, while the State contends the lesser degree of proof (a preponderance of the evidence) required in the revocation hearing permits a different result.

Defendant relies on *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189. In *Ashe*, the defendant was charged with the separate armed robberies of six participants in a poker game. Defendant went to trial

before a jury on the charge of robbing one of the participants and was found not guilty. There was no question that an armed robbery had occurred and that personal property had been taken from each of the participants. The State's evidence that defendant had been one of the armed robbers, however, was weak, and the jury verdict amounted to a finding that defendant was not one of the robbers. Subsequently defendant was tried for the robbery of another participant in the poker game and was convicted. The same witnesses who had testified at the first trial again testified but gave substantially stronger testimony on the issue of defendant's identity. The Supreme Court stated, "The single rationally conceivable issue in dispute before the jury was whether the petitioner had been one of the robbers. And the jury by its verdict [in the first trial] found that he had not. The federal rule of law, therefore, would make a second prosecution \*\*\* wholly impermissible." 397 U.S. 436, 445, 25 L. Ed. 2d 469, 476, 90 S. Ct. 1189, 1195. The Supreme Court reversed defendant's conviction and went on to hold that the principle of collateral estoppel was embodied in the Fifth Amendment guarantee against double jeopardy, and was thus applicable to the States under *Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056.

Collateral estoppel "\*\*\* stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (*Ashe v. Swenson,* 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194; *People v. Haran,* 27 Ill.2d 229.) Defendant contends this principle was offended when he was forced to "run the gauntlet" (*Green v. United States,* 355 U.S. 184, 190, 2 L. Ed. 2d 199, 206, 78 S. Ct. 221) twice on the same charge, and the same issue of ultimate fact was relitigated. Defendant contends the acquittal on the charge of armed robbery amounted to

a determination that he was not one of the robbers, but that the identity issue was relitigated and the same evidence used to revoke his probation.

The appellate court relied on four earlier appellate decisions that had distinguished probation revocation hearings from criminal trials on the basis of the difference in the burden of proof in each. (See *People v. Kuduk*, 320 Ill. App. 610; *People v. White*, 98 Ill. App. 2d 1; *People v. Whittaker*, 101 Ill. App. 2d 432; *People v. Sluder*, 107 Ill. App. 2d 177.) In a criminal trial, the State must prove the defendant guilty beyond a reasonable doubt, while in a probation revocation hearing, the probation violation need be proved only by a preponderance of the evidence. (*People v. Crowell*, 53 Ill.2d 447.) The reasoning of the appellate court was that while the identification testimony may not have been sufficient to convict of armed robbery, it was sufficient to prove a probation violation by the preponderance of the evidence. The State, in its brief, distinguishes *Ashe v. Swenson* from this case on the basis that in *Ashe* the defendant was placed in jeopardy in two separate criminal trials for the same armed robbery, while here defendant was placed in jeopardy only once for the robbery of April 9, 1970, and then was subject to a civil proceeding where his probation was revoked. Defendant was then ordered imprisoned not for the Lukas robbery but for the offense for which he was originally granted probation. Therefore, according to the State, defendant was not twice placed in jeopardy for the same offense, nor did the doctrine of collateral estoppel apply to preclude the court at the probation revocation hearing from considering evidence of the Lukas robbery in determining whether probation should be revoked.

We note, however, that the appellate court decisions predated *Ashe* and *Benton,* and we are not persuaded that the difference in the burden of proof between a criminal trial and a probation revocation proceeding should dictate the result in this case. While the differences between a

criminal trial and a probation revocation hearing are substantial, and we see no reason to modify our determination in *People v. Crowell,* 53 Ill.2d 447, that violations of conditions of probation need be proved by only a preponderance of the evidence, we believe those differences cannot fairly serve to permit relitigation of the identical issue upon the same evidence. (*People v. Armstrong,* 56 Ill.2d 159.) Although proceedings may be civil in form, they may be criminal in nature (*United States v. United States Coin and Currency,* 401 U.S. 715, 28 L. Ed. 2d 434, 91 S. Ct. 1041), and the individual facing probation revocation may lose his liberty just as swiftly and surely as a defendant in a criminal case. We accordingly hold the principle of collateral estoppel applies in the circumstances present here. The acquittal of defendant on the charge of armed robbery was, under the evidence in this case, a determination that he was not one of the robbers. Once the ultimate and only disputed fact of identity had been determined by a final and valid judgment, the State could not constitutionally hale defendant before a new court in a criminal proceeding or a probation revocation proceeding and litigate that issue again. *Ashe v. Swenson,* 397 U.S. 436, 446, 25 L. Ed. 2d 469, 477, 90 S. Ct. 1189, 1195; *People v. Joyner,* 50 Ill.2d 302, 308.

Accordingly, the judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court for such further proceedings as may be consistent with this opinion.

*Reversed and remanded.*