THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL STEWART, Defendant-Appellant.

Third District   No. 3—90—0597

Opinion filed August 6, 1991.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (Jay P. Hoffmann, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Paul Stewart, appeals his conviction for unlawful possession of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1402). We reverse and remand.

At trial, Joliet police officer Jeff Stubler testified that on June 21, 1989, around 4:30 p.m., he was patrolling North Broadway Street with his partner, James Klancher. As they drove north, he saw two black males conversing on the sidewalk. When they were within 50 to

75 feet of the men, one male handed something to the other. Stubler could not see what was exchanged, or who handed what to whom. Afterwards, the defendant placed his right hand in his front pants pocket. Stubler testified that about 50 times previously he had seen similar transactions that led to arrests for unlawful delivery of a controlled substance.

As the officers approached in their squad car, the two men ran into the lobby of a nearby building. After the officers drove around the block to the back of the building, Klancher got out of the car and entered the building's rear entrance. Stubler then drove back onto Broadway Street, where he saw the two men again standing in front of the building.

Stubler parked near the men and began getting out of the car. The defendant ran into the building, while the other man ran down the street. Stubler chased the other man but was unable to catch him.

Officer Klancher testified that when the defendant ran into the lobby, he tackled him, placed him under arrest, and handcuffed him. In the course of searching him, he found 17 bags containing a white powdery substance.

Officer Klancher's other testimony generally corroborated Officer Stubler's description of the events leading up to the arrest. In addition, he noted that the area of the arrest was known for having many drug transactions. He further stated that it was not uncommon for people in that area to flee when police officers approached.

The parties stipulated that if a forensic scientist were called to testify, he would state that the bags contained 6.0 grams of a substance containing cocaine.

The defendant presented no evidence. Following arguments, the court found him guilty of unlawful possession of a controlled substance.

The trial court later sentenced the defendant to a five-year term of imprisonment. It granted him 147 days of credit against his sentence for his pretrial incarceration from June 21, 1989, to September 17, 1989, and from June 18, 1990, to August 17, 1990.

On appeal, the defendant argues that his counsel was ineffective because he failed to move to suppress the cocaine. He contends that if counsel had done so, the evidence would have been suppressed because the arrest was not supported by probable cause.

■ Defense counsel is ineffective where his performance falls below an objective standard of reasonableness and there is a reasonable probability that, but for his performance, the result would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed.

2d 674, 104 S. Ct. 2052.) A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.) The reasonableness of counsel's actions must be determined in light of the totality of the circumstances. *People v. Atkins* (1987), 161 Ill. App. 3d 600, 515 N.E.2d 272.

Since the instant defendant was clearly under arrest when he was apprehended in the lobby, at that time the officer had to have probable cause. (*People v. Johnson* (1970), 45 Ill. 2d 283, 259 N.E.2d 57.) Probable cause exists where the facts within the arresting officer's knowledge are sufficient to warrant a man of reasonable caution to believe that the person arrested has committed an offense. *People v. Lippert* (1982), 89 Ill. 2d 171, 432 N.E.2d 605.

■ Here, the question of probable cause was a close one. The officers conceded that they did not see what was transferred between the defendant and the other man. Consequently, they could not be certain that an innocent transaction had not occurred. Moreover, the defendant's attempts to evade the officers, while probative, did not conclusively establish probable cause. See *People v. Batista* (1989), 156 A.D.2d 455, 548 N.Y.S.2d 749.

■ The failure to move to suppress does not appear to have been a matter of trial strategy. The defendant would not have had to testify on the motion, because his counsel could have presented a plausible argument based solely on the officers' testimony. Further, it appears from the record that the defendant's only viable defense lay in contesting the propriety of the arrest.

For all of the foregoing reasons, we find that counsel's failure to file a suppression motion undermines confidence in the outcome. We therefore hold that the defendant did not receive effective assistance. Although the defendant seeks outright reversal of his conviction without remand, we think that the better approach is to reverse his conviction and remand for further proceedings. Presumably, a suppression motion will then be considered, and the parties will have the opportunity to present any further evidence that may be available.

Since the defendant's other arguments may come up on remand, we will address them at this time. The defendant next contends that he should have received 150 days of sentencing credit instead of 147 days, because he was entitled to credit for any fraction of a day spent in pretrial custody. See *People v. Williams* (1986), 144 Ill. App. 3d 994, 495 N.E.2d 685.

■ We disagree. Although the periods from June 21, 1989, to September 17, 1989, and from June 18, 1990, to August 17, 1990,

equal 150 days, the defendant was furloughed for two complete days during that time. Since the purpose of the mandatory credit provisions is to provide credit for only the time spent in custody, the defendant cannot receive credit for those days. (See *People v. Leggans* (1986), 140 Ill. App. 3d 268, 488 N.E.2d 614.) Additionally, the defendant is not entitled to credit for August 17, 1990, because on that day he was remanded from the county jail to the Department of Corrections. (See *Leggans*, 140 Ill. App. 3d at 270-71, 488 N.E.2d at 615.) Accordingly, we find no error in the court's calculation of sentencing credit.

■■ The defendant lastly argues that his sentencing order should be amended because it states that he was convicted of a Class 1 felony. We agree that since the offense was actually a Class 4 felony (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)), the order should be so amended by the trial court.

The judgment of the circuit court of Will County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, P.J., and McCUSKEY, J., concur.