THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT MOTTA, Defendant-Appellant.

Third District   Nos. 3—91—0203, 3—91—0204 cons.

Opinion filed December 24, 1991.

Ira B. Goldstein, of Ira B. Goldstein, Ltd., of Joliet, for appellant.

Edward A. Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Jay Paul Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant, Robert Motta, appeals the judgment order of the circuit court of Will County revoking his probation pursuant to section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4).

The record shows that in circuit court case No. 87—CF—515, the defendant pled guilty to an offense relating to motor vehicles (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(a)), and in circuit court case No. 87—CF—1015, he pled guilty to attempted burglary (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(a), 19—1(a)). Pursuant to a plea agreement, the court sentenced defendant to 18 months' probation for each offense, with the probationary periods to run consecutively. The State subsequently filed a petition to revoke the defendant's probation, alleging that while on probation he had committed the offense of possession of a controlled substance with the intent to deliver. The date of the alleged offense fell within the span of the first probationary period. Nonetheless, the State requested that both sentences of probation be revoked because the law did not allow consecutive sentences of probation (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—2(b)).

The hearing on the petition to revoke probation was consolidated by agreement of the parties with the defendant's jury trial on the charge of possession of a controlled substance with the intent to deliver. The jury acquitted the defendant, finding that the State had failed to prove beyond a reasonable doubt that the defendant was not entrapped. The trial judge found that the State had met its burden of showing by a preponderance of the evidence that the defendant violated the terms of his probation. In so doing, he specifically found by the lesser standard that the defendant had not been entrapped. Agreeing with the State that the defendant's sentences of probation should have been concurrent rather than consecutive, the trial judge revoked both sentences of probation. He sentenced the defendant to four years' imprisonment for the motor vehicle offense and two years for the attempted burglary offense with the prison terms to run consecutively.

Before reaching the defendant's arguments on appeal, we note that the State contends that we do not have jurisdiction to consider this appeal because the defendant failed to file a motion to withdraw his guilty pleas from the initial convictions. Inasmuch as the defendant's arguments on appeal are an attack on the revocation of his probation and only indirectly involve his guilty plea, we find no merit to this contention. (See *People v. Combs* (1990), 197 Ill. App. 3d 758, 555 N.E.2d 66.) The State also argues that the defendant waived the issues on appeal by failing to properly preserve them in the trial court. We find, however,

that the error presented here involves substantial rights and may be noticed even though it was not brought to the attention of the trial court. 134 Ill. 2d R. 615(a).

We first address defendant's contention that he was denied his due process and equal protection rights by being accorded less protection from being entrapped while on probation than if he were not on probation. He also contends that once the jury determined he was entrapped, the doctrines of double jeopardy and collateral estoppel barred the trial judge from finding he violated his probation. We disagree.

■ In a probation revocation proceeding, the State need only prove by a preponderance of the evidence that the defendant violated the terms of his probation. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(c).) Where the criminal trial and the revocation hearing are held simultaneously, double jeopardy and collateral estoppel concerns do not arise and the defendant may be acquitted of the criminal charge but still be found to have violated the terms of his probation. (*In re N.R.L.* (1990), 200 Ill. App. 3d 820, 558 N.E.2d 538.) For this reason, cases such as *People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43, where the revocation proceeding took place after the jury had acquitted the defendant, are inapplicable. *In re N.R.L.* (1990), 200 Ill. App. 3d 820, 558 N.E.2d 538.

For analogous reasons, we disagree with defendant's contention that his right to equal protection was violated. Convicted felons on probation do in fact have restrictions placed on their rights. They are subject to any number of special conditions, such as reporting to a probation officer and being prohibited from leaving the State, which law-abiding citizens do not have to endure. More important, the essence of the defendant's argument is that the State should have the same burden of disproving entrapment in a revocation proceeding as it does in a criminal proceeding. Clearly, the State does not have the same burden in the two proceedings, and the constitutionality of the lower burden in a revocation proceeding is well established. (See *People v. Hardnett* (1971), 132 Ill. App. 2d 843, 270 N.E.2d 864.) For these reasons, we find no error in the trial court reaching a different conclusion from the jury.

■ We next address the defendant's contention that the trial court erred in revoking his sentence of probation for attempted burglary since that sentence had not even started running yet. Initially, he argues that the consecutive probation sentences were proper. Alternatively, he contends that even if they were not allowed by law, his rights were violated when the court retroactively found that his probation sentences were concurrent and then revoked the second sentence of probation on that basis. In this regard, he argues that he should have been given prior notice of the change in the terms of his probation. Finally, he contends

that his guilty pleas were not knowingly made since he was misled about the fact that his sentences would actually be concurrent rather than consecutive. The defendant therefore contends that this court should vacate both of his prison sentences and remand this cause for a hearing to determine whether the sentences of probation should run concurrently. If it is found that the probation sentences should have been concurrent, he claims he should be allowed to file a motion to vacate his guilty pleas.

Initially, we find that the defendant is not entitled to have the four-year prison sentence for his motor vehicle offense vacated. There is no question that he was properly serving a sentence of probation for that offense when he committed the acts which led to the revocation of probation in that case. Moreover, although the defendant also challenges the length of his sentence for that offense, we find that he did not properly preserve the issue for appeal and it does not rise to the level of plain error.

We agree, however, that his due process rights were violated when the judge revoked his second sentence of probation. The defendant, as well as the State and the trial court for that matter, believed the defendant's probation sentences were consecutive when they were entered. It is clear that those on probation are guaranteed due process rights. (*People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745.) Such procedural safeguards are designed to protect the interests of both the probationer and the State. (*People v. Crawford* (1980), 85 Ill. App. 3d 366, 406 N.E.2d 861.) These due process rights include the right to notice and a hearing before any changes are made in the terms of a sentence of probation. Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(f).

The State contends that since the law only allows for concurrent sentences of probation, as a matter of law the defendant's sentences of probation were automatically switched to run concurrently the moment they were entered. We agree that the law only allowed for concurrent sentences of probation. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—2(b); *People v. Mack* (1985), 133 Ill. App. 3d 788, 479 N.E.2d 445.) We also agree that the original sentencing court did not have the authority to enter consecutive terms of probation. The two 18-month probation sentences should have been concurrent.

We disagree, however, that under the circumstances the court could therefore revoke both sentences of probation. Because the defendant was never given notice that the terms of his second sentence of probation had been changed (to run concurrently with the first sentence), the trial court violated defendant's due process rights in revoking that probation. We find it quite basic that a defendant should first be notified that he is on probation before he can be punished for violating the terms

of that probation. Therefore, we vacate the two-year prison sentence entered for the attempted burglary conviction. (134 Ill. 2d R. 615(b).) Because the period of probation on that conviction was in fact running concurrently with the first period of probation, it has now expired.

The judgment of the circuit court of Will County in case No. 87—CF—515, which revoked the defendant's probation and sentenced him to four years' imprisonment for committing an offense related to motor vehicles, is affirmed. The judgment of the circuit court in case No. 87—CF—1015, which revoked the defendant's probation and sentenced him to two years' imprisonment for committing attempted burglary, is vacated. The defendant's 18-month sentence of probation in case No. 87—CF—1015 is hereby reinstated. However, since as a matter of law the probationary term in No. 87—CF—1015 began running on July 20, 1989, it has now expired.

Affirmed in part; vacated in part.

BARRY and McCUSKEY, JJ., concur.