THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARVIN PORTER, Defendant-Appellant.

Third District   No. 3—91—0722

Opinion filed January 28, 1993.—Rehearing denied March 23, 1993.

Kenneth A. Grnacek, of Joliet, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet, and Robert J. Morrow, of Early, Collison, Tousey, Regan, Wlodek & Morrow, of Elgin (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Marvin Porter, pleaded guilty on July 30, 1990, to unlawful possession of heroin with intent to deliver and was sentenced to 30 months' probation. Subsequently, the defendant was charged with committing the offense of unlawful delivery of cocaine within 1,000 feet of school property. The charge alleged that the defendant committed the offense on October 8, 1990. A petition to revoke probation was also filed. The State requested that the jury trial and the hearing on the petition to revoke probation be heard at the same time. Defense counsel did not object.

Following the trial, when the jury retired to deliberate, the trial judge indicated that he would rule on the petition to revoke after the

jury delivered its verdict. The jury subsequently returned a verdict of not guilty for the offense of unlawful delivery of a controlled substance within 1,000 feet of school property. After the jury was excused, the trial judge found that the State had proven the allegations in the petition by a preponderance of the evidence and ordered the defendant's probation revoked.

On appeal, the defendant argues that his trial counsel was ineffective for failing to object to the consolidation of the jury trial with the hearing on the petition to revoke probation. We agree.

Defense counsel is ineffective where his performance falls below an objective standard of reasonableness and there is a reasonable probability that, but for his performance, the result would have been different. (*People v. Stewart* (1991), 217 Ill. App. 3d 373, 577 N.E.2d 175.) Collateral estoppel stands for the principle that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. (*People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43; *People v. Kondo* (1977), 51 Ill. App. 3d 874, 366 N.E.2d 990.) The doctrine applies in criminal proceedings to protect a defendant who has been acquitted from having to run the gauntlet a second time. *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189.

In *People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43, the Illinois Supreme Court specifically held that principles of collateral estoppel bar the relitigation in a probation revocation hearing of an issue that has been litigated in a previous trial. In so deciding, the *Grayson* court noted the difference in the burdens of proof in the two proceedings: probation violations need be proved only by a preponderance of the evidence, while criminal offenses must be proved beyond a reasonable doubt. However, the *Grayson* court reasoned that this difference in the burden of proof could not permit relitigation of the identical issue on the same evidence since in each case the defendant is equally subject to the loss of his liberty.

In *In re N.R.L.* (1990), 200 Ill. App. 3d 820, 558 N.E.2d 538, a consolidated hearing was held on both a petition to adjudicate the minor delinquent and a petition to revoke his probation. Both petitions were based on the minor's commission of a battery. The trial judge, who was the trier of fact for both petitions, found that for purposes of the delinquency adjudication, the State had failed to prove beyond a reasonable doubt that the minor had committed the battery. However, the court found that for purposes of the probation revocation,

the State had proved by a preponderance of the evidence that the minor had committed the battery.

On appeal, the minor argued that the trial court's determination had violated the principle of collateral estoppel. The Second District Appellate Court held that the single hearing on both petitions did not violate the principle of collateral estoppel since the defendant had not objected to the consolidated hearing and there was no relitigation of the issues in a second proceeding. In so holding, the court specifically noted that if the two petitions had been litigated in separate proceedings, the results might have been different. The court then noted that under the rule of *Grayson*, if the petition to adjudicate had been tried first, and the minor had been acquitted, the State would have been collaterally estopped from proceeding on the petition to revoke.

We find the reasoning of *In re N.R.L.* and *Grayson* applicable to the instant case. Here, the jury and the trial court heard undisputed testimony concerning the location of Eliza Kelly School in Joliet, Illinois, and the location of the alleged drug transaction. They also heard undercover police officer James Wetstein testify that the defendant had delivered cocaine to him and an unnamed undercover informant while they were parked in a pickup truck. The defendant testified that he did have a brief conversation with the confidential informant, whom he knew, but denied delivering any drugs to him or to Wetstein.

The jury ultimately returned a verdict of not guilty. Therefore, the jury must have determined that the defendant did not deliver the cocaine, since that was the only material issue of fact in dispute. The trial judge, however, determined that the defendant did deliver the cocaine. The State's arguments concerning witness credibility notwithstanding, we find that this was a differing determination on the same issue of ultimate fact. Therefore, pursuant to the rule announced in *Grayson*, had the instant defendant been acquitted of the underlying offense first, the proceeding concerning the probation revocation would have been barred by the principle of collateral estoppel. Accordingly, we find that defense counsel was ineffective, because had he objected to the consolidation of the two proceedings, there was a reasonable probability that the result would have been different. In so holding, we note that we are not persuaded by the State's arguments that counsel's decision was a matter of trial strategy.

We note also that our determination of this issue makes it unnecessary for us to address the defendant's second contention on appeal concerning the calculation of his sentence credit for time served.

For the foregoing reasons, we reverse the order of the trial court revoking the defendant's probation and sentencing him to four years in the Department of Corrections.

Reversed.

McCUSKEY, P.J., and BARRY, J., concur.