674 N.E.2d 118 (1996)
285 Ill. App.3d 470
220 Ill.Dec. 847
In re A.V., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
A.V., a Minor, Respondent-Appellant).
No. 1-95-1589.
Appellate Court of Illinois, First District, First Division.
November 27, 1996.
Rehearing Denied November 27, 1996.
*119 Edward A. Cohen, James A. Morsch; Vedder, Price, Kaufman & Kammholz, Chicago, for Respondent-Appellant.
Jack O'Malley, Cook County State's Attorney, Chicago (Renee Goldfarb, and Alan J. Spellberg, Assistant State's Attorneys, of counsel), for Petitioner-Appellee.
Justice BRADEN delivered the opinion of the court:
Minor respondent, A.V., appeals from a March 2, 1995, order by the circuit court of Cook County, finding him in violation of the terms and conditions of his probation and sentencing him to incarceration in the Department of Corrections. On appeal, A.V. argues that (1) defense counsel's failure to object to the consolidation of his delinquency and probation revocation hearings constituted ineffective assistance of counsel, and (2) that the trial court's determinations that he was not guilty on the delinquency petition but guilty of the probation violation were legally inconsistent and, therefore, not permissible under Illinois law.
We reverse and remand.
On April 4, 1994, the State filed a petition for adjudication of wardship, alleging that A.V. trespassed into and possessed a stolen vehicle in violation of the Illinois Motor Vehicle Code. A.V. was subsequently adjudicated delinquent and sentenced to probation for two years. On December 19, 1994, A.V. was charged in a delinquency petition with five criminal offenses arising from a shooting incident including: aggravated battery, aggravated battery with a firearm, attempt murder, aggravated discharge of a firearm, and armed violence. He also faced a petition charging him with violation of the aforementioned probation.
On March 2, 1995, the court granted the State's motion to consolidate the hearings on both the delinquency petition and the violation of probation charges. Defense counsel, consisting of two Northwestern law students practicing under Supreme Court Rule 711 and two supervising attorneys from the Northwestern University Legal Clinic, made no objection to the State's motion.
The trial court subsequently found A.V. not guilty of the criminal charges alleged in the delinquency petition, finding that the State failed to establish beyond a reasonable doubt that A.V. was the shooter. The trial court did find, however, that the State had proved by a preponderance of the evidence that A.V. was the shooter and that, as such, he had violated the terms and conditions of his probation.
A.V. subsequently filed a motion for reconsideration, alleging ineffective assistance of counsel. In arguing their motion defense counsel admitted that the State's motion to consolidate proceedings took them by surprise. The record indicates defense counsel conceded they were proceeding under an assumption that the burden in both proceedings was "beyond a reasonable doubt." Defense counsel conceded they were unaware that the State's burden of proof in the probation revocation hearing was "by a preponderance of evidence." Defense counsel further conceded that if they had been aware that the State's burden of proof was "by the preponderance" they would have called additional alibi witnesses, and A.V. would have testified in his own behalf.
In fact, defense counsel called only one witness, A.V.'s father, to establish A.V.'s whereabouts at the time of the incident. A.V.'s father testified that A.V. was at home in bed at the time of the shooting. Defense counsel failed to call any additional witnesses to corroborate the testimony of A.V.'s father.
The trial court denied A.V.'s motion for reconsideration finding no right to separate *120 adjudication of probation violations and delinquency charges.
On appeal, A.V. argues that he received ineffective assistance of counsel when defense counsel failed to object to a consolidation hearing on both the State's petition to adjudicate his delinquency and its petition to revoke his probation. We agree.
To prove ineffective assistance of counsel a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's performance there is a reasonable probability that the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed.2d 674, 693, 104 S.Ct. 2052, 2063 (1984). The right to effective assistance of counsel applies in juvenile, as well as adult proceedings, and in probation hearings as well as criminal trials. In re F.N., 253 Ill.App.3d 483, 491, 191 Ill. Dec. 665, 671, 624 N.E.2d 853, 859 (1993).
A.V. relies on People v. Porter, 241 Ill. App.3d 116, 118, 181 Ill.Dec. 736, 738, 608 N.E.2d 1210, 1212 (1993), in which trial counsel's failure to object to consolidation of a probation revocation proceeding and the criminal jury trial was held to have fallen below the objective standard of reasonableness. In Porter, the defendant was charged with unlawful delivery of a controlled substance. Both the jury trial on the criminal charges and a hearing on the State's petition to revoke the defendant's probation were heard at the same time. Defense counsel did not object. The trial court noted that it would rule on the petition to revoke probation after the jury delivered its verdict on the underlying criminal charge. The jury subsequently returned a verdict of not guilty for the offense of unlawful delivery of a controlled substance. However, after the jury was excused, the trial judge found that the State had proved the allegations in the petition by a preponderance of the evidence and ordered the defendant's probation revoked.
On appeal, the defendant argued that his trial counsel was ineffective for failing to object to consolidation of the jury trial with the hearing on the petition to revoke probation. The appellate court agreed with the defendant's argument in finding that he received ineffective assistance of counsel. In reaching this holding, the Porter court reasoned that had defense counsel objected to consolidation of the two proceedings, there was a reasonable probability that the result would have been different. Porter, 241 Ill. App.3d at 118, 181 Ill.Dec. at 738, 608 N.E.2d at 1212. The Porter court noted the jury determined that the defendant did not deliver the cocaine, while the trial judge determined that the defendant did deliver the cocaine. Porter, 241 Ill.App.3d at 118, 181 Ill.Dec. at 738, 608 N.E.2d at 1212. The Porter court held that whether the defendant delivered cocaine was the only material issue of fact in dispute and that the trial court's finding was a differing determination on the same issue of ultimate fact. Porter, 241 Ill. App.3d at 118, 181 Ill.Dec. at 738, 608 N.E.2d at 1212.
Relying on People v. Grayson, 58 Ill.2d 260, 319 N.E.2d 43 (1974), the Porter court reasoned that had the defendant been acquitted of the underlying offense first, the proceeding concerning the probation revocation would have been barred by the principle of collateral estoppel. Porter, 241 Ill.App.3d at 118, 181 Ill.Dec. at 738, 608 N.E.2d at 1212. Therefore, the Porter court found that defense counsel was ineffective, because had counsel objected to the consolidation of the two proceedings, there was a reasonable probability that the result would have been different.
Here, defense counsel's failure to object to the consolidation of the delinquency and violation of parole hearings fell below an objective standard of reasonableness as defined in Porter, especially where (1) defense counsel was admittedly unaware of the "preponderance of evidence" burden of proof in a revocation of probation proceeding; (2) defense conceded that if they had been aware they would have called additional alibi witnesses, and A.V. would have testified in his own behalf; and (3) defense counsel failed to call additional witnesses to corroborate the testimony of their only witness, A.V.'s father.
The State argues that respondent's attorneys knew and understood the applicable *121 standards of proof at the consolidated hearing. We disagree.
Here, it is presumptuous to assume the defense lawyers in this case knew that the standard of proof for a probation violation was a preponderance of the evidence. Counsel for defendant consisted of two third-year law students with limited experience in the actual practice of criminal law, participating in the trial under the provisions of Supreme Court Rule 711, and supervised by two attorneys from the Northwestern University Legal Clinic.
The State contends the record unequivocally shows that counsel were aware of the different standards of proof and had stipulated to the hearing of the violation of probation and the substantive charge, simultaneously. We agree that counsel may have ultimately known the different standards of proof, but we disagree as to when they became aware of such distinction.
The State further argues that defense counsel comments during closing arguments evidenced such understanding. The issue, however, is not whether they knew the distinction at the conclusion of the hearing but whether they were cognizant of such at the inception of the proceedings. To conclude that they made a tactical decision to try the substantive charge and the probation violation at the same time is speculative and simply not supported by the record.
The State references specific comments made by defense counsel during closing argument which do not conclusively indicate that they fully understood the different standards of proof.
It is difficult to support such a position where the record indicates that defense counsel, practicing under Supreme Court Rule 711, conceded they were proceeding under an assumption that the burden in both proceedings was "beyond a reasonable doubt." It is also unreasonable to suggest or to assume that defense counsel would fabricate a lack of knowledge as to the distinction between the respective burdens of proof, while at the same time arguing such distinction during closing argument. If they were fabricating such a lack of knowledge, it would be more rational that they would be consistent in this deception by not articulating their knowledge of the distinction during closing argument.
Under Illinois law, a lawyer is an officer of the court and has an obligation to be truthful to the court as well as a duty of good faith and candor in dealing with the judiciary. City of Chicago v. Higginbottom, 219 Ill.App.3d 602, 628, 162 Ill.Dec. 76, 93, 579 N.E.2d 890, 907 (1991). Here, defense counsel conceded they were unaware that the State's burden of proof in the probation revocation hearing was "by a preponderance of the evidence" and if they had been aware that the State's burden of proof was "by the preponderance" they would have called additional alibi witnesses, including A.V. who would have testified in his own behalf. Clearly, the conduct of two law students practicing under Supreme Court Rule 711 could not be characterized as a purposeful strategy designed to succeed on all charges in a single proceeding. Counsel's failure to object to the consolidation of the delinquency and violation of parole hearings fell below an objective standard of reasonableness as defined in People v. Porter, 241 Ill.App.3d 116, 181 Ill.Dec. 736, 608 N.E.2d 1210 (1993).
There was also a reasonable probability that, but for the performance of defense counsel, the result would have been different. People v. Stewart, 217 Ill.App.3d 373, 160 Ill.Dec. 299, 577 N.E.2d 175 (1991). If defense counsel had objected to consolidation of the proceedings, the State would have had to elect to proceed on either the criminal charge or the petition for revocation of probation. If the State had elected to first proceed on the underlying criminal charge and A.V. was acquitted of such charge, as he was in the consolidated proceeding, then, under the principles set forth in People v. Grayson, 58 Ill.2d 260, 319 N.E.2d 43 (1974) and its progeny, the State would have been prevented from relitigating the same issues in a later probation revocation proceeding.
The State argues that it would have elected to proceed on the petition to revoke A.V.'s probation first and that A.V. would have been found guilty, as in the consolidated proceeding. Therefore, the State argues, it would not have been collaterally estopped *122 from subsequently proceeding against A.V. on the criminal charges. This argument is unpersuasive. The State's argument assumes in hindsight that it would have elected to first proceed on the probation revocation hearing. One could just as easily argue to the contrary and reach an opposite conclusion. Accordingly, defense counsel was ineffective, because had they objected to the consolidation of the two proceedings, there was a reasonable probability that the result would have been different.
The next issue on appeal is whether the trial court's rulings were legally inconsistent and, therefore, not permissible under Illinois law. Here, we need not address this issue where we have determined that A.V. received ineffective assistance of counsel.
For the foregoing reasons, we reverse the decision of the circuit court of Cook County and remand the cause for a new hearing.
Reversed and remanded.
BUCKLEY, J., concurs.
WOLFSON, J., dissents.
Justice WOLFSON, dissenting:
In People v. Porter, 241 Ill.App.3d 116, 181 Ill.Dec. 736, 608 N.E.2d 1210 (1993), defense counsel did not object to the State's motion to try a heroin charge and a petition to revoke probation at the same time. The heroin charge was tried before a jury. The violation of probation was heard by the judge. The jury said not guilty, the trial judge found a violation of probation. The court held defense counsel was ineffective, "* * * because had he objected to the consolidation of the two proceedings, there was a reasonable probability that the result would have been different." The probation violation finding was reversed.
The minor relies on Porter and the constitutional guarantee of effective assistance of counsel established in Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) (To be ineffective counsel's representation must fall below an objective standard of reasonableness and there must be a reasonable probability that but for counsel's unprofessional errors the result would have been different).
I do not believe the Porter court intended to set the stage for purposeful stratagems that would degrade the salutary principles established in Strickland.
A.V. calls our attention to the minor's lawyers' statements at the motion to reconsider. There, the lawyers said they did not know the preponderance standard applied to probation revocation proceedings. They said they believed the standard was beyond a reasonable doubt in both proceedings.
It would be ineffective assistance of counsel if A.V.'s lawyers had not understood the differences in the standard of proof. Not only did Grayson set out those differences, but other courts have held that because of the differences in the standard of proof there is no constitutional impediment to a finding of not guilty on a substantive charge and a finding of guilty on a probation violation charge in a single proceeding. See People v. Motta, 223 Ill.App.3d 182, 165 Ill.Dec. 324, 584 N.E.2d 503 (1991); In re N.R.L., 200 Ill.App.3d 820, 146 Ill.Dec. 575, 558 N.E.2d 538 (1990).
In this case, during final argument, defense counsel was commenting on the ability of a witness to see the offender:
"That is, there is not a 50 per cent chance she had seen the offender, but the standard is beyond a reasonable doubt. There are grave doubts about that identification.
[Prosecutor]: We are alsoObjection. We are also hearing violation of probation. That is the stip.
The Court: I am aware of that. This is argument.
[Defense Counsel]: Your Honor, we note that the violation of probation is preponderance thing [sic]. What I said before doesn't add up the 50 per cent. That is exactly true, and therefore it is not preponderance."
A few moments later, referring to the identification witnesses as "incredible," the defense lawyer argued:
"I don't think that is beyond a reasonable doubt. I don't think that is preponderance *123 for the violation of probation here."
I do not read the defense lawyer's comments as reflecting the least surprise or any lack of understanding about the standards of proof that applied to the consolidated charges. I believe the defense lawyers' carefully considered and reasonable goal was to succeed on all charges in a single proceeding. It is unlikely that the case would have been defended any differently had the substantive, more serious offenses been tried first. The strategy was not successful, but I do not presume ineffectiveness of counsel simply because of a lack of success.
By following Porter in this case we are saying that defense counsel has an affirmative duty to object to consolidation in all instances, or face a successful claim of ineffectiveness. A purposeful failure to object would plant reversible error in any consolidated hearing.
I do not believe a consolidated hearing should be conducted over the objection of the accused. On the other hand, a defense lawyer would not be motivated to object to consolidation if assured his or her silence meant that no conviction could stand.
A finding that failure to object to consolidation is ineffectiveness of counsel in all instances makes little sense. In Porter, and here, the accused was acquitted of the substantive charges and convicted of the probation violation charge. But what if A.V. had been convicted of all charges? Surely, Grayson and Porter would be of no avail to A.V. on appeal. The question of whether counsel was ineffective cannot be left to hindsight. I believe that Porter does not apply to the circumstances of this case. The decision to proceed on all charges at the same time in this bench trial was a matter of strategy and did not sink to the level of ineffective assistance of counsel. I respectfully dissent.