Minor respondent, A.V., appeals from a March 2, 1995, order by the circuit court of Cook County, finding him in violation of the terms and conditions of his probation and sentencing him to incarceration in the Department of Corrections. On appeal, A.V. argues that (1) defense counsel's failure to object to the consolidation of his delinquency and probation revocation hearings constituted ineffective assistance of counsel, and (2) that the trial court's determinations that he was not guilty on the delinquency petition but guilty of the probation violation were legally inconsistent and, therefore, not permissible under Illinois law.
We reverse and remand.
On April 4, 1994, the State filed a petition for adjudication of wardship, alleging that A.V. trespassed into and possessed a stolen vehicle in violation of the Illinois Vehicle Code (625 ILCS 5/1-100 et seq. (West 1994)). A.V. was subsequently adjudicated delinquent and sentenced to probation for two years. On December 19, 1994, A.V. was charged in a delinquency petition with five criminal offenses arising from a shooting incident, including: aggravated battery, aggravated battery with a firearm, attempted murder, aggravated discharge of a firearm, and armed violence. He also faced a petition charging him with violation of the aforementioned probation.
On March 2, 1995, the court granted the State's motion to consolidate the hearings on both the delinquency petition and the violation of probation charges. Defense counsel, consisting of two Northwestern law students practicing under Supreme Court Rule 711 (134 Ill.2d R. 711) and two supervising attorneys from the Northwestern University Legal Clinic, made no objection to the State's motion.
The trial court subsequently found A.V. not guilty of the criminal charges alleged in the delinquency petition, finding that the State failed to establish beyond a reasonable doubt that A.V. was the shooter. The trial court did find, however, that the State had proved by a preponderance of the evidence that A.V. was the shooter and that, as such, he had violated the terms and conditions of his probation.
A.V. subsequently filed a motion for reconsideration, alleging ineffective assistance of counsel. In arguing their motion, defense *Page 472 
counsel admitted that the State's motion to consolidate proceedings took them by surprise. The record indicates defense counsel conceded they were proceeding under an assumption that the burden in both proceedings was beyond a reasonable doubt. Defense counsel conceded they were unaware that the State's burden of proof in the probation revocation hearing was by a preponderance of evidence. Defense counsel further conceded that, if they had been aware that the State's burden of proof was "by the preponderance," they would have called additional alibi witnesses and A.V. would have testified in his own behalf.
In fact, defense counsel called only one witness, A.V.'s father, to establish A.V.'s whereabouts at the time of the incident. A.V.'s father testified that A.V. was at home in bed at the time of the shooting. Defense counsel failed to call any additional witnesses to corroborate the testimony of A.V.'s father.
The trial court denied A.V.'s motion for reconsideration, finding no right to separate adjudication of probation violations and delinquency charges.
On appeal, A.V. argues that he received ineffective assistance of counsel when defense counsel failed to object to a consolidation hearing on both the State's petition to adjudicate his delinquency and its petition to revoke his probation. We agree.
To prove ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and, (2) but for counsel's performance, there is a reasonable probability that the result of the trial would have been different. Stricklandv. Washington, 466 U.S. 668, 686, 80 L.Ed.2d 674, 693, 104 S. Ct. 2052, 2063 (1984). The right to effective assistance of counsel applies in juvenile, as well as adult, proceedings and in probation hearings as well as criminal trials. In re F.N.,253 Ill. App.3d 483, 491, 624 N.E.2d 853, 859 (1993).
A.V. relies on People v. Porter, 241 Ill. App.3d 116, 118,608 N.E.2d 1210, 1212 (1993), in which trial counsel's failure to object to consolidation of a probation revocation proceeding and the criminal jury trial was held to have fallen below the objective standard of reasonableness. In Porter, the defendant was charged with unlawful delivery of a controlled substance. Both the jury trial on the criminal charges and a hearing on the State's petition to revoke the defendant's probation were heard at the same time. Defense counsel did not object. The trial court noted that it would rule on the petition to revoke probation after the jury delivered its verdict on the underlying criminal charge. The jury subsequently returned a verdict of not guilty for the offense of unlawful delivery of a controlled substance. *Page 473 
However, after the jury was excused, the trial judge found that the State had proved the allegations in the petition by a preponderance of the evidence and ordered the defendant's probation revoked.
On appeal, the defendant argued that his trial counsel was ineffective for failing to object to consolidation of the jury trial with the hearing on the petition to revoke probation. The appellate court agreed with the defendant's argument in finding that he received ineffective assistance of counsel. In reaching this holding, the Porter court reasoned that had defense counsel objected to consolidation of the two proceedings, there was a reasonable probability that the result would have been different. Porter, 241 Ill. App.3d at 118, 608 N.E.2d at 1212. The Porter court noted the jury determined that the defendant did not deliver the cocaine, while the trial judge determined that the defendant did deliver the cocaine. Porter, 241 Ill. App.3d at 118, 608 N.E.2d at 1212. The Porter court held that whether the defendant delivered cocaine was the only material issue of fact in dispute and that the trial court's finding was a differing determination on the same issue of ultimate fact.Porter, 241 Ill. App.3d at 118, 608 N.E.2d at 1212.
Relying on People v. Grayson, 58 Ill.2d 260, 319 N.E.2d 43
(1974), the Porter court reasoned that, had the defendant been acquitted of the underlying offense first, the proceeding concerning the probation revocation would have been barred by the principle of collateral estoppel. Porter, 241 Ill. App.3d at 118, 608 N.E.2d at 1212. Therefore, the Porter court found that defense counsel was ineffective, because had counsel objected to the consolidation of the two proceedings, there was a reasonable probability that the result would have been different.
Here, defense counsel's failure to object to the consolidation of the delinquency and violation of probation hearings fell below an objective standard of reasonableness as defined in Porter, especially where (1) defense counsel was admittedly unaware of the "preponderance of evidence" burden of proof in a revocation of probation proceeding; (2) defense conceded that if they had been aware they would have called additional alibi witnesses and A.V. would have testified in his own behalf; and (3) defense counsel failed to call additional witnesses to corroborate the testimony of their only witness, A.V.'s father.
The State argues that respondent's attorneys knew and understood the applicable standards of proof at the consolidated hearing. We disagree.
Here, it is presumptuous to assume the defense lawyers in this case knew that the standard of proof for a probation violation was a *Page 474 
preponderance of the evidence. Counsel for defendant consisted of two third-year law students with limited experience in the actual practice of criminal law, participating in the trial under the provisions of Supreme Court Rule 711, and supervised by two attorneys from the Northwestern University Legal Clinic.
The State contends the record unequivocally shows that counsel were aware of the different standards of proof and had stipulated to the hearing of the violation of probation and the substantive charge, simultaneously. We agree that counsel may have ultimately known the different standards of proof, but we disagree as to when they became aware of such distinction.
The State further argues that defense counsel's comments during closing arguments evidenced such understanding. The issue, however, is not whether they knew the distinction at the conclusion of the hearing but whether they were cognizant of such at the inception of the proceedings. To conclude that they made a tactical decision to try the substantive charge and the probation violation at the same time is speculative and simply not supported by the record.
The State references specific comments made by defense counsel during closing argument which do not conclusively indicate that they fully understood the different standards of proof.
It is difficult to support such a position where the record indicates that defense counsel, practicing under Supreme Court Rule 711, conceded they were proceeding under an assumption that the burden in both proceedings was "beyond a reasonable doubt." It is also unreasonable to suggest or to assume that defense counsel would fabricate a lack of knowledge as to the distinction between the respective burdens of proof, while at the same time arguing such distinction during closing argument. If they were fabricating such a lack of knowledge, it would be more rational that they would be consistent in this deception by not articulating their knowledge of the distinction during closing argument.
Under Illinois law, a lawyer is an officer of the court and has an obligation to be truthful to the court as well as a duty of good faith and candor in dealing with the judiciary.City of Chicago v. Higginbottom, 219 Ill. App.3d 602, 628,579 N.E.2d 890, 907 (1991). Here, defense counsel conceded they were unaware that the State's burden of proof in the probation revocation hearing was "by a preponderance of the evidence" and if they had been aware that the State's burden of proof was "by the preponderance" they would have called additional alibi witnesses, including A.V., who would have testified in his own behalf. Clearly, the conduct of two law students practicing under Supreme Court Rule 711 could not be characterized as a *Page 475 
purposeful strategy designed to succeed on all charges in a single proceeding. Counsel's failure to object to the consolidation of the delinquency and violation of parole hearings fell below an objective standard of reasonableness as defined in People v. Porter, 241 Ill. App.3d 116,608 N.E.2d 1210 (1993).
There was also a reasonable probability that, but for the performance of defense counsel, the result would have been different. People v. Stewart, 217 Ill. App.3d 373,577 N.E.2d 175 (1991). If defense counsel had objected to consolidation of the proceedings, the State would have had to elect to proceed on either the criminal charge or the petition for revocation of probation. If the State had elected to first proceed on the underlying criminal charge and A.V. was acquitted of such charge, as he was in the consolidated proceeding, then, under the principles set forth in People v. Grayson, 58 Ill.2d 260,319 N.E.2d 43 (1974), and its progeny, the State would have been prevented from relitigating the same issues in a later probation revocation proceeding.
The State argues that it would have elected to proceed on the petition to revoke A.V.'s probation first and that A.V. would have been found guilty, as in the consolidated proceeding. Therefore, the State argues, it would not have been collaterally estopped from subsequently proceeding against A.V. on the criminal charges. This argument is unpersuasive. The State's argument assumes in hindsight that it would have elected to first proceed on the probation revocation hearing. One could just as easily argue to the contrary and reach an opposite conclusion. Accordingly, defense counsel was ineffective, because had they objected to the consolidation of the two proceedings, there was a reasonable probability that the result would have been different.
The next issue on appeal is whether the trial court's rulings were legally inconsistent and, therefore, not permissible under Illinois law. Here, we need not address this issue where we have determined that A.V. received ineffective assistance of counsel.
For the foregoing reasons, we reverse the decision of the circuit court of Cook County and remand the cause for a new hearing.
Reversed and remanded.
BUCKLEY, J., concurs.