**People of the State of Illinois, Plaintiff-Appellee, v. Willard Brown, Defendant-Appellant.**

Gen. No. 49,795.

First District, Fourth Division.
December 30, 1965.
Rehearing denied January 19, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Cornelius E. Toole and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

On May 12, 1964, defendant was sentenced to the penitentiary for a term of three-to-four years after trial without a jury on the charge of unlawful possession of narcotic drugs.

Defendant filed his brief on appeal May 19, 1965. He argued two points: that his motion to suppress evidence made prior to trial should have been allowed, and that the proof at trial did not establish his guilt beyond a reasonable doubt.

The motion to suppress evidence was entertained by the trial court on January 3, 1964. Defendant testified in support of his motion, as did three other witnesses on his behalf. There was no testimony introduced on behalf of the State. The motion was denied.

When the case came up for trial on May 12, 1964, the entire case was presented by stipulation, it being agreed that all testimony heard on the motion to suppress would be considered as evidence at the trial. The State's Attorney also read into the record the following stipulation:

> That on January 3, 1964 a motion to suppress was heard . . . that if officer McKelvey were called to testify, he would testify to the same facts testified to on the motion to suppress, that he was duly cross examined and both his direct and cross examination would be the same at this time. . . . that officer McKelvey would also testify he took the packages and put them in sealed envelopes and delivered them

318

to the Chicago Crime Detection Laboratory where they were received in a sealed envelope and were removed therefrom by Andrew Principe, who subjected the contents of the two tinfoil packages to various chemical tests, and upon his analysis found them to contain what is commonly referred to as heroin. That he put them into a sealed envelope and that they are in that condition at this time; that everything that he would testify to happened in Cook County, Illinois. And the defendant's age is forty-three years.

As mentioned above, there had, in fact, been no testimony by Officer McKelvey, nor by any other witness for the State, at the hearing on the motion to suppress. Examination of the testimony which was heard at that time discloses no proof whatsoever establishing any connection between the defendant and the packages which, by stipulation, were found to contain heroin.

On November 18, 1965, the State's Attorney filed a Confession of Error in this court which, in effect, conceded the defect in the State's case, as above set forth. On the basis of the Confession of Error the State's Attorney made a motion for reversal of the conviction and remandment for a new trial. Defendant interposed no objection and the motion was allowed as a routine matter.

Several weeks later defendant filed a motion to vacate this court's order and enter, rather, an outright reversal of the judgment of conviction. While the State has made no objection to this motion, we have given it full consideration and have examined the entire record in regard to both motions. See People v. Kelly, 66 Ill App2d 204, 214 NE2d 290, filed this date; Young v. United States, 315 US 257, 258; and United States v. Holton, 227 F2d 886, 893–895.

 The action of the State's Attorney in filing his Confession of Error was correct and proper, since, as stated by the court in People v. Maurice, 31 Ill2d 456,

458, 459, 202 NE2d 480, "[t]he duty of the State to prove defendant's guilt beyond a reasonable doubt cannot be assisted by judicial assumption that a stipulation mistakenly states the facts through inadvertence of the representative of the People." In Maurice the cause was remanded for a new trial because of the erroneous admission of evidence. Here, however, in view of the nature of the fatal deficiency in the State's case, we are unable to comprehend any basis upon which the cause might properly be remanded for a new trial. The evidence simply does not connect defendant with the crime alleged and fails to sustain the conviction which must therefore be reversed without remand. People v. Williams, 25 Ill2d 562, 565, 185 NE2d 686; People v. Price, 24 Ill2d 46, 58, 59, 179 NE2d 685; Bates v. United States, 323 US 15 and 148 F2d 907.

This court's order of November 24, 1965, reversing defendant's conviction and remanding the cause for a new trial is vacated and the judgment of conviction is reversed.

Reversed.

McCORMICK, P. J. and DRUCKER, J., concur.