**People of the State of Illinois, Defendant in Error,
v. Sebastian M. Ortega, Plaintiff in Error.**

**Gen. No. 51,008.**

First District, Fourth Division.

April 28, 1967.

William R. Yowell, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joel M. Flaum, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

OFFENSES CHARGED

Unlawful sale of narcotic drugs (Indictment 63–972), and unlawful possession of narcotic drugs (Indictment 63–973).

JUDGMENTS

Jury trial was waived. After hearing the evidence in Indictment 63–972, the court found defendant guilty and sentenced him to a term of ten to eleven years. It was then stipulated that the evidence heard at that trial be considered also as evidence in Indictment 63–973, and there was a further stipulation as to additional evidence. The court found defendant guilty of this charge also, and sentenced him to a term of two to three years, concurrent with the first sentence.

POINTS RAISED ON APPEAL *
  (1)  The evidence did not establish defendant's guilt beyond a reasonable doubt.
  (2)  The court unduly restricted defendant's cross-examination of State witnesses.

EVIDENCE
  ██  Defendant does not seriously question the adequacy of the proof except as to the narcotic content of the substance sold or possessed. Admittedly, this is one of the elements of the crimes charged which the State has the burden of proving. In the case charging sale, the State sought to meet this burden by means of an oral stipulation in lieu of a chemist's testimony. The stipulation was that the police chemist, if called, would testify that the substance "purports to be" heroin. In the case charging possession, there was an additional stipulation that the chemist, if called, would testify that the substance was "found to be" heroin.

OPINION
  ██  (1)  Although we are mystified as to the reason for it, we have been impressed by numerous instances in recent years of the demonstrated nonchalance and inattention to detail on the part of prosecutors when introducing by stipulation the part of the State's case having to do with the chain of possession and chemical content of the substance seized in narcotics cases. The expedience of resorting to such a stipulation we do not doubt, but we cannot permit this informality of procedure to render the proof any less exact or complete than would be the case if the witnesses were to testify.
  ██  Our question, therefore, is whether proof that a substance "purports to be" narcotic constitutes proof beyond a reasonable doubt that it is narcotic. The an-

---

* Appeal was taken to the Supreme Court which transferred the case here.

51

swer must be that it does not. While it is true that under the generally understood meaning of the word, "purport," an object which purports to have a certain characteristic may, or perhaps usually does, in fact possess that characteristic, it does not always do so. In any given case the speciousness of a purported attribute is a definite possibility. And that ever-present possibility is, in our opinion, sufficient to raise a reasonable doubt as to the attribute claimed.

We are aware of no opinion bearing directly on this point, but there are two cases which we believe support our conclusion.

In People v. Steele, 22 Ill2d 142, 174 NE2d 848, the Supreme Court affirmed the defendant's conviction for the unusual crime of offering to sell a narcotic drug and then delivering a nonnarcotic substance. Ill Rev Stats, 1959, c 38, § 192.28–38; now c 38, § 22–40. The indictment described the delivered nonnarcotic substance as "a certain purported narcotic drug." Obviously, if the defendant in that case had delivered a narcotic drug, he would not have been guilty of the charge brought against him; and, just as obviously, if the words, "purported narcotic," described the genuine article, the indictment itself would have failed to charge the crime in question.

An oral stipulation quite similar to the one in the instant case was employed in People v. Green, 36 Ill2d 349, 223 NE2d 101, where the charge was the unlawful possession of narcotics. There the language incorporated into the stipulation referred to cigarettes which "purported to be" marijuana cigarettes, or were "supposed marijuana cigarettes." A conviction in the trial court was reversed in the Supreme Court by an order entered September 15, 1959, on the basis of a confession of error by the Attorney General on this point.

■ We conclude, therefore, that there was a failure to prove one of the essential elements of the crime in

the case charging sale of narcotics, and the conviction should be reversed. People v. Brown, 66 Ill App2d 317, 319–320, 214 NE2d 289, and cases there cited. We feel that we cannot, under that indictment, find defendant guilty of a reduced charge of delivering a nonnarcotic substance under section 22–40 since that charge does not appear to be an included offense in the sale of narcotics. The element of deceit which is an essential to the former crime, does not enter into the latter.

■ In the case charging possession of narcotics, we consider the additional stipulation (set forth above) sufficient to cover the point which was missed in the other case, and that conviction should, therefore, be affirmed.

■ (2) In view of what we have written, it is unnecessary to review defendant's contention in regard to trial errors so far as they relate to the first indictment. The point is made as to both indictments, however, that the court erred in restricting repeated attempts by defense counsel to question the police witnesses about a man named Mario Compos who had been at the scene of defendant's arrest but had not been arrested. The informer in the case had testified that he did not know Compos and had never heard of him. Under all the circumstances of this case we find no clear abuse of the court's discretion in determining the latitude to be allowed on cross-examination. People v. Moretti, 6 Ill2d 494, 526, 129 NE2d 709; People v. Provo, 409 Ill 63, 68–69, 97 NE2d 802.

DECISION

The judgment in Indictment 63–972 is reversed.
The judgment in Indictment 63–973 is affirmed.

Reversed in part.

Affirmed in part.

DRUCKER and McCORMICK, JJ., concur.