People of the State of Illinois, Plaintiff-Appellee, v. Lealer Mae Rutledge, Defendant-Appellant.

Gen. No. 51,064.

First District, Third Division.

November 24, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John F. Ward, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant Lealer Mae Rutledge appeals from a conviction for possession of narcotics. In a bench trial the parties stipulated as follows:

That if the two arresting officers were called, they would testify that they searched the defendant's apartment with a warrant; that they found two tinfoil packages of white powder which they field tested, getting a positive reaction, and that they placed the defendant under arrest and took the two packages to the Crime Laboratory; that if chemist John McDonnell, of the Crime Laboratory, were called, he would testify that on the same day as the defendant's arrest, the two arresting officers delivered to him (McDonnell) two tinfoil packages containing white powder and that "his examination indicated that the packages contained heroin."

█ Defendant contends first that the stipulated testimony of McDonnell is not sufficient to establish beyond all reasonable doubt that the items tested were narcotics. To support her contention she cites People v. Ortega, 82 Ill App2d 49, 226 NE2d 426. In that case the court held that a stipulation that the chemist would testify that the substance tested "purports to be" heroin was not sufficient to establish beyond a reasonable doubt that it was in fact heroin. The court based its decision on the meaning of the word "purports." In the instant case the language in the stipulation was that the chemist would testify that "his examination *indicated that the packages contained heroin."* (Emphasis added.) Among the many meanings given the word "indicate," Random House Dictionary of the English Language, 1966 Ed, shows "to point out; to show; to make known." That is the sense in which the word was used here. It was the chemist's way of saying that the examination revealed that the packages contained heroin. It is sufficient.

█ Defendant's second contention is that the evidence fails to prove that the packages tested by the Crime Laboratory were the same packages confiscated by

the arresting officers in her apartment. To support this contention she cites People v. Maurice, 31 Ill2d 456, 202 NE2d 480. In that case it was stipulated that one police officer would testify that he obtained the evidence from the defendant and that the chemist would testify that he received a packet which contained heroin from another officer who was the first officer's partner. The case was decided on the basis of a failure by the State to show continuity of possession, since there was no link shown between the police officer who confiscated the package and the police officer who gave a package to the chemist for analysis. In the instant case the two officers who found the packages took them immediately to the chemist. This was an unbroken chain sufficient to establish continuity of possession. People v. Davis, 33 Ill2d 134, 210 NE2d 530; People v. Collins, 25 Ill2d 302, 185 NE2d 147; People v. Polk, 19 Ill2d 310, 167 NE2d 185.

The evidence was sufficient to establish beyond reasonable doubt that the packages in question contained heroin, and the judgment is accordingly affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.