**People of the State of Illinois, Plaintiff-Appellee, v. Travis R. Trotter, Defendant-Appellant.**

**Gen. No. 51,771.**

First District, First Division.

June 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Professor James R. Thompson, Northwestern University School of Law, James J. Doherty and Marshall J. Hartman, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Truschke, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Appellant, Travis R. Trotter, was indicted for the crime of unlawful possession of a narcotic drug. Following a bench trial in the Criminal Court of Cook County, Trotter was found guilty and sentenced to a term of two to five years in the Illinois State Penitentiary.

The defendant was arrested on August 31, 1964, by Officers Campbell and Arnold, upon information from a reliable informer, immediately after a witnessed sale of narcotics. At the trial, the Public Defender announced to the court that Travis Trotter was defending himself, which the court acknowledged. The defendant waived a jury trial and stipulated to what the arresting officers and police chemist would testify to, if called, as follows:

"MR. MORAN: Let the record show it is stipulated Detectives Arnold and Campbell when called to testify would state on August 31st, 1964, they had a conversation with a special employee and informant,

and that they arrested the defendant on the street in the vicinity of 4401 South State Street.

"That when they approached the defendant they obtained three packages of narcotics which were dropped near his feet; and Detective Campbell searched defendant and recovered a large tinfoil package containing five small tinfoil packages containing white powder; and they field tested the substance and it proved positive.

"The defendant acknowledged ownership of the package in his pocket but denied ownership of the package on the ground.

"The officers involved, Arnold and Campbell, Narcotics Unit, on September 1, 1964, submitted the package to the Crime Laboratory. We have a report from the chemist, John McDonald, who would state when called that he examined the substance in question and in his opinion the substances were heroin in the amount of .09 grams and the second package tested .11 grams."

On the basis of such stipulated evidence, the court found the defendant guilty.

On appeal, the defendant argues that the State failed to prove that the substance allegedly found on him was actually in his possession and that it was a narcotic, because the said stipulation is ambiguous, defective, and does not establish the elements of the offense. The argument in appellant's brief concerning the validity of the indictment has been withdrawn by the appellant pursuant to the recent decision in People v. Mills, 40 Ill2d 4, 237 NE2d 697 (1968).

The defense contends that there was no evidence connecting the packages on the ground with the defendant since the stipulation does not state when and by whom the packages were dropped; that evidence of a field test of a substance, as recited in the stipulation, alleged to be a

narcotic was positive, is not sufficient to establish that a substance is a narcotic and proves nothing; and that the stipulation in respect to the chemist's evidence could refer equally to the substance found on the ground near the defendant's feet and to the substance found on his person. It therefore follows that the stipulation in respect to the chemist's evidence could be interpreted as establishing that the substance on the ground was heroin, which is irrelevant since there is no evidence which establishes that the substance on the ground was ever in defendant's possession. Defendant relies upon People v. Ortega, 83 Ill App2d 49, 226 NE2d 426 (1967), where a conviction for possession of narcotics on the basis of evidence similarly stipulated to was disapproved and held to be reversible error. The court concluded in the Ortega case that there was a failure to prove one of the essential elements of the crime, in that the stipulation recited that if the police chemist was called, he would testify that the substance in question "purports to be" heroin. Such a phrase that a substance "purports to be" a narcotic was not proof beyond a reasonable doubt that it was a narcotic.

In the instant case, no such words as "purports to be," or other phrases of similar import, are used in the stipulation. The stipulation is definite, and states "the substances were heroin." Therefore, the standards as set forth in the Ortega case are inapplicable to the case at bar. The stipulation states three packages were obtained on the ground near defendant's feet and a large package was obtained from defendant after searching him. The contention that the packages on the ground were never connected with the defendant is premature. The one package found on the defendant's person, which defendant acknowledged as his, containing several small packages within it, was the package in question which was first field tested then submitted to the crime laboratory for analysis.

The stipulation also recites the field test was positive, and in People v. Harrison, 26 Ill2d 377, 186 NE2d 657 (1963), our Supreme Court held that where there is a sale and a field test of a substance under scrutiny as a narcotic drug and such test shows positive, there is sufficient proof to establish that such substance is a narcotic drug. Finally, the stipulation is clear that the one package, the package in question containing the several smaller packages, given to the crime laboratory contained heroin. Throughout the stipulation reference is made to the package found on the defendant's person, and not those packages found on the ground near defendant's feet, and the substance examined by the chemist was the substance found in the packages taken from the defendant's person.

The evidence stipulated to in the instant case established the elements of the crime beyond a reasonable doubt. Therefore, the judgment is affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.