THIRD DIVISION

February 13, 2002

No. 1-00-3245

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) 

)

BERNARD BUNCH, ) Honorable

) John J. Moran, Jr.,

Defendant-Appellant. ) Judge Presiding.

JUSTICE WOLFSON delivered the opinion of the court:

Following a bench trial, defendant Bernard Bunch was convicted of possession of a controlled substance and sentenced to four years in prison.  Defendant's motion to quash his arrest and suppress evidence, heard simultaneously with his trial, was denied.  On appeal, defendant contends that the trial court erred in denying the motion to suppress.  We reverse.

FACTS

Officer Daniel Lukensmeyer testified that at approximately 1:10 a.m. on February 2, 2000, he was on patrol alone in a marked police vehicle when he observed a 1990 Pontiac automobile near 35th Street and Wentworth Avenue in Chicago.  He saw the driver of that vehicle slow down and come to a stop but did not see the vehicle's brake lights activate when they should have.  The officer initiated a traffic stop by following the vehicle and flashing his emergency lights.  As he projected his high-beam headlights into the vehicle, he saw the driver lean forward twice toward the dashboard.  When the vehicle stopped, the officer approached the driver, defendant's brother, and subsequently arrested him for driving without a license.  At some point during the arrest, the driver informed the officer that he owned the vehicle. 

The officer, after handcuffing the driver, 
walked to the passenger side and instructed the defendant to get out of the car and wait at the rear while he took charge of the vehicle. 

Standing about one foot apart, the officer and defendant engaged in a conversation in which the officer asked defendant some questions, including his name and where he was coming from.  The officer testified he was "curious to find out exactly who he was."  Defendant then asked why the driver was arrested.  As they spoke, the officer shined his flashlight on defendant's face, as he normally did when working at night.  A few seconds into the conversation, the officer saw a small clear plastic object containing white material inside defendant's mouth, and then saw it a second time.  Based on his 35 years' experience as a police officer and more than 2,000 narcotics arrests, the officer suspected that the object was a bag containing heroin or cocaine. 

The officer arrested defendant and ordered him to expectorate the object; defendant complied.  The object was a plastic bag containing white material later confirmed to be heroin.  After calling for assistance, the officer investigated the interior of the vehicle and retrieved two plastic bags containing white powder from a void in the dashboard.  The officer testified that defendant then made an unsolicited statement that "[a]ll the heroin you found is mine."  When assistance arrived, the officer tested the brake lights of the vehicle and discovered that they were working properly.

Defendant was later charged by information with possession of less than 15 grams of a controlled substance based on the plastic bag of heroin found in his mouth. 

After hearing the officer's testimony and defendant's argument on his motion to quash arrest and suppress evidence, the court denied the motion and defendant's trial continued.

Defendant testified to a different version of events.  He said the officer did not mention or examine the vehicle's brake lights, but told defendant's brother that he stopped them "because [he] saw two black men in the car."  After the driver was arrested, the officer told defendant to exit the vehicle, handcuffed him and placed him inside the police car, saying the handcuffs were for the officer's personal safety.  Defendant testified that he did not have anything in his mouth and did not spit anything out.  The officer then removed a black case from the trunk of the police car and carried it into the vehicle that defendant had exited.  Defendant testified that he never told the officer that the narcotics in the vehicle were his, and that he had no narcotics on that date.

DECISION

Defendant contends the officer had no legal justification for stopping and questioning him, and no probable cause for his arrest.

When, as here, a defendant challenges neither the trial court's findings of fact nor its determination of witness credibility, a ruling on a motion to suppress is reviewed 
de
 
novo
.  
People v. Mendez
, 322 Ill. App. 3d 103, 109, 749 N.E.2d 391 (2001).  In presenting a motion to suppress, the defendant bears the burden of establishing that the search or seizure was unreasonable or unlawful.  
People v. Juarbe
, 318 Ill. App. 3d 1040, 1049, 743 N.E.2d 607 (2001).

Initially, the State argues that defendant lacks standing to challenge the stop because he did not own or have a possessory interest in the vehicle.  The State concedes that defendant had a subjective expectation of privacy while in the vehicle, but contends that his expectation is not controlling, pursuant to 
People v. Johnson
, 114 Ill. 2d 170, 192, 499 N.E.2d 1355 (1986). 

We disagree.  We find defendant's liberty was infringed when he was an occupant of a vehicle stopped by the police and therefore he has standing to challenge the stop.  
People v. Fullwiley
, 304 Ill. App. 3d 44, 49, 710 N.E.2d 491 (1999); see also 
People v. Kunath
, 99 Ill. App. 3d 201, 205, 425 N.E.2d 486 (1981).

Defendant contends the stop was illegal because the officer was mistaken about the vehicle's brake lights not working. Generally, a short investigatory stop for a minor traffic violation is considered an exception to the warrant requirement under 
Terry v. Ohio
, 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880 (1968).
  
Juarbe
, 318 Ill. App. 3d at 1049.  

To comport with the requirements of the fourth amendment, 
Terry
 stops are permissible only if there is "a reasonable suspicion based on specific and articulable facts that the person has committed, or is about to commit, a crime."  
People v. Brownlee
, 186 Ill. 2d 501, 518, 713 N.E.2d 556 (1999).  A 
Terry
 stop is reasonable only if it was (1) justified at its inception and (2) reasonably related in scope to the circumstances that justified the detention in the first place.  
Brownlee
, 186 Ill. 2d at 518-19.  

An officer has a right and a duty to stop an automobile without brake lights.  
People v. Cannon
, 18 Ill. App. 3d 781, 785, 310 N.E.2d 673 (1974).  See 625 ILCS 5/12-208(a) (West 2000) (every vehicle shall have a red or amber stop lamp which shall be actuated upon application of the foot brake).  When an officer is mistaken about what he has observed, the test is not what the officer should have seen but whether a reasonable and prudent person would believe that a crime had been committed when objectively viewing the facts and circumstances known to the officer at the time.  
People v. Assenato
, 186 Ill. App. 3d 331, 337, 542 N.E.2d 457 (1989) (stop based on an officer's mistaken belief that vehicle lacked valid license plate was proper); see 
People v. Bradi
, 107 Ill. App. 3d 594, 437 N.E.2d 1285 (1982) (evidence was admissible where stop was based on the officer's mistaken belief and the officer later saw the passenger throw a bag containing a white powdery substance on the ground.)

Here, the judge apparently believed Officer Lukensmeyer had observed a traffic violation, although the officer's testimony about his reason for stopping the car is vague at best.  We note the State does not seek to justify the stop of the car in its brief on appeal, apparently because of its mistaken impression that the defendant cannot challenge the stop of the car.  See 
Kunath
, 99 Ill. App. 3d at 205-06.  Reluctantly, we accept the trial judge's conclusion.

Events that took place after the stop of the car persuade us the arrest of the defendant violated the Fourth Amendment.

The defendant was a passenger.  While in the car he did and said nothing that would create the suspicion he was engaging in criminal activity or was a threat to the officer.  The driver of the car had been secured and handcuffed.  It was then that the officer ordered the defendant out of the car and instructed him to walk to the rear of it.  Lukensmeyer then began asking the defendant questions because he was "curious to find out who he was."  It was after those questions were asked that the defendant asked his own question, in the process opening his mouth and exposing the plastic bag.  The arrest and order to spit out followed.   

These events are strikingly similar to those in 
People v. Gonzalez
, 324 Ill. App. 3d 15, 753 N.E.2d 1209 (2001).  There, as here, the initial traffic stop was assumed to be valid.  While sitting in the car the defendant, a passenger, was asked to identify himself.  After he did so, and after the officer learned the defendant was a gang member, the defendant was ordered out of the car and taken to the rear of it.  According to the officer, the defendant then gave permission to be searched.  Cocaine was found.

The court held the officer did not have a lawful basis to ask the defendant for identification.  The reason applies equally here: "...because Officer McCarthy did not suspect defendant of any criminal activity."  
Gonzalez
, 324 Ill. App. 3d at 18.  The court held everything that flowed from the unlawful detention was tainted and ought to be suppressed.

The point made in 
Gonzalez
 -- that a police officer has to have some lawful authority to ask a defendant for identification -- also was made in 
People v. Branch
, 295 Ill. App. 3d 110, 692 N.E.2d 398 (1998).

In this case, the officer did more than ask for identification.  He ordered the defendant out of the car and to the rear of it because he was "curious."  The defendant submitted.  We believe the defendant was detained at that point without lawful authority.  Curiosity is not a good reason to detain.  Everything that flowed directly from that unlawful detention must be suppressed.  See 
Brownlee
, 186 Ill. 2d at 518-19.

There is another reason to sustain the defendant's motion to suppress.  When Lukensmeyer saw the plastic bag in the defendant's mouth he arrested the defendant.  It was not a 
Terry
 search.  It was a probable cause arrest.  The officer testified he made the arrest because "I had my suspicions that it was heroin or cocaine, one or the other."  Suspicions, no matter how reasonable, do not add up to probable cause to arrest.  See 
Alabama v. White
, 496 U.S. 325, 330, 110 L. Ed.2d 301, 309, 110 S.Ct. 2412, 2416 (1990).  See also 
People v. Kidd
, 175 Ill. 2d 1, 22, 675 N.E.2d 910 (1996) (Mere suspicion is not adequate to establish probable cause.).

CONCLUSION

Based on our 
de
 
novo
 review, we reverse the trial court's order denying the defendant's motion to suppress.  Since the heroin that was in the defendant's mouth was the only evidence against him there is no reason to remand this cause.

Reversed.

HALL, P.J., and SOUTH, J., concur.