THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAVAN DAVIS, Defendant-Appellant.

First District (6th Division)    No. 1—03—0822

Opinion filed May 21, 2004.

Michael J. Pelletier and Shawn O'Toole, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Michael L. Gallagher, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

After a stipulated bench trial, defendant, Javan Davis, was found guilty of two counts of aggravated unlawful use of a weapon and one count of possession of a controlled substance. Defendant was found not guilty of armed violence. Defendant was sentenced to two-year terms of probation on the aggravated-unlawful-use-of-a-weapon charges and concurrent two years' probation on the narcotics charge under section 410 of the Illinois Controlled Substances Act (720 ILCS 570/410) (West 2000)).

BACKGROUND

At trial the State and defense stipulated that Officer Escalante responded to a report of two people sleeping in a car with the motor running. The officer observed defendant in the passenger seat, woke

up the driver and then opened the door of the car. In the armrest of the opened door, the officer observed a baggy containing a white, rock-like substance which field-tested positive for cocaine. Officer Escalante woke up defendant, who was holding an unloaded .25-caliber revolver, and arrested defendant. Later that morning, defendant, in a statement, admitted to owning the gun and drugs found in the armrest of the driver's side door. Defense counsel and the State further stipulated that forensic chemist Paul Titus would testify that he tested the item that was submitted by Officer Escalante and the item tested positive for cocaine; the substance weighed 3.8 grams.

At sentencing, defense counsel argued the aggravated-unlawful-use-of-a-weapon statute was unconstitutional and discriminatory based on age because possession of a weapon is a felony if the defendant is under 21 and a misdemeanor if defendant is over 21. The trial judge rejected this argument and sentenced defendant to concurrent two-year terms of probation on each of the three charges. Defendant appeals.

## INEFFECTIVE ASSISTANCE OF COUNSEL

We address defendant's argument that trial counsel was ineffective for failing to file a motion to quash arrest and suppress evidence. In support of that argument, defendant contends that the police did not have probable cause when they opened the car door and searched the vehicle in which defendant was a passenger.

A defendant under both the United States and Illinois Constitutions has a due process right to the effective assistance of counsel in a criminal prosecution. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. Regarding ineffective assistance of counsel, a defendant must demonstrate both a deficiency in counsel's performance and prejudice resulting from the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). To demonstrate performance deficiency, a defendant must establish that counsel's performance was below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. Prejudice is demonstrated if there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. Reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. We are mindful that the prejudice component of *Strickland* entails more than an "outcome-determinative test"; rather, the defendant must show that deficient performance of counsel rendered the result of the trial

unreliable or the proceeding fundamentally unfair. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000).

Where defense counsel fails to move to suppress prejudicial evidence obtained in violation of the defendant's constitutional rights, the defendant has not received competent and effective representation. *People v. Stewart*, 217 Ill. App. 3d 373 (1991). The decision whether to bring a motion to quash arrest and suppress evidence is considered trial strategy, and trial counsel enjoys the strong presumption that failure to challenge the validity of the defendant's arrest or to move to exclude evidence was proper. *People v. Rodriguez*, 312 Ill. App. 3d 920, 925 (2000). To overcome that presumption, the defendant must demonstrate a reasonable probability that the motion would have been granted and that the outcome of the trial would have been different if the evidence had been suppressed. *People v. Morales*, 339 Ill. App. 3d 554, 563 (2003); *Rodriguez*, 312 Ill. App. 3d at 925.

A police officer may make a valid investigatory stop absent probable cause for an arrest, provided that the officer's decision is based on specific, articulable facts that warrant the investigative stop. *Terry v. Ohio*, 392 U.S. 1, 21, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880 (1968). The stop is proper if a person of reasonable caution believes that the action taken was justified knowing the facts available at the time of the stop. *People v. Rivera*, 272 Ill. App. 3d 502, 504-05 (1995). The Illinois Supreme Court has emphasized that the sole legal justification for a "search" incident to a *Terry* stop is the protection of the officer and others nearby, not to gather evidence. *People v. Sorenson*, 196 Ill. 2d 425, 432 (2001); *People v. Flowers*, 179 Ill. 2d 257, 263 (1997).

Defense counsel decided to proceed by way of a stipulated bench trial to preserve a challenge to the constitutionality of sections 24—1.6(a)(1) and 24—1.6(3)(I) of the Criminal Code of 1961 (720 ILCS 5/24—1.6(a)(1), (3)(I) (West 2000)) and that the stipulated bench trial consisted of four pages of trial transcript. Clearly those four pages do not represent a complete presentation of all of the evidence. However, there was no stipulated testimony that Officer Escalante was concerned about his safety, the safety of others, or that he had any concern that evidence would be destroyed when he opened up the door of the parked car.

We note the stipulated testimony of Officer Escalante was as follows:

"[THE STATE]: Judge, it would be stipulated by and between the parties that if Officer Escalante were called to testify, he would testify that on October 27th, 2002, at approximately 7:32 in the morning, he went to a 156th Street between Dixie Highway and Western Avenue, Harvey, Cook County, Illinois.

At that date, time and location, the officer went up to a car, there was a report of a car running with two people asleep in the car.

He walked up to the car, saw two people in the car, he would be able to positively identif[y] the defendant in open court as the passenger, in the front seat passenger [sic] in the car.

Officer Escalante woke up the driver of the car, he opened up the door of the car.

When he opened up the door of the car, from the driver's door in the armrest area of the driver's door there was a baggie that contained an off-white, rock-like substance.

He field tested that substance, it field tested positive for cocaine[;] therefore, he inventoried it through a proper chain of custody and sent that off to the Illinois State Police.

It would further be his testimony that he went over by the defendant, the defendant woke up.

When the defendant woke up, the defendant had a .25 caliber chrome revolver in her hand and was putting it between her legs.

The officer then drew his weapon. The officer told her to put her hands up, keep her hands away from the gun.

She kept fidgeting with the gun. Eventually, she complied.

A .25 caliber chrome revolver was taken into custody by Officer Escalante and he would be able to identify that gun in open court.

He would further testify that that gun was unloaded.

That would be the testimony as to officer—I am sorry.

Further, the testimony of Officer Escalante would be that on that same date of October 27th, 2002 at around 11:45 in the morning, the defendant gave a handwritten statement.

He would be able to identify the statement.

That statement would be the defendant admitted that the gun and the drugs recovered were hers, that she had gotten those from a party at 118th and Wentworth, it was from a coat and the drugs were confiscated by the door and the gun were hers.

So stipulated that would be his testimony as to that witness at trial?

[DEFENSE COUNSEL]: So stipulated with the added stipulation that she acquired the coat at a party, it was a stolen coat with the drugs and the gun and that there was a person in the driver's seat, there was someone sitting in the driver's seat and the car was not hers.

[THE STATE]: That is correct, your Honor."

The State's entire case was based on the testimony of Officer Escalante. As previously noted, we are mindful that the record does not necessarily reflect the complete factual context of the instant case; however, the stipulated testimony raises several legal and factual questions. Defense counsel by pursuing a motion to quash arrest and

suppress evidence could have made a strong case that the circumstances surrounding defendant's arrest failed to demonstrate probable cause.

We are well aware that in order to avoid the " 'distorting effects of hindsight,' " reviewing courts indulge in a " 'strong presumption' " that defense counsel's performance " '[fell] within the wide range of reasonable professional assistance.' " *People v. Patten*, 240 Ill. App. 3d 407, 413 (1992), quoting *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065. However, Illinois courts of review have found ineffective assistance of counsel, as opposed to trial strategy, when the pretrial motion that counsel failed to present was defendant's strongest defense or "patently meritorious." *People v. McPhee*, 256 Ill. App. 3d 102, 107 (1993); *People v. Stewart*, 217 Ill. App. 3d 373 (1991).

In the factual context of this case, we find the case of *People v. Murray*, 137 Ill. 2d 382 (1998), instructive. In *Murray*, the Illinois Supreme Court determined whether an officer's actions of knocking on a car window and awakening the defendant sleeping behind the wheel, followed by asking defendant to exit the vehicle and produce identification, amounted to an unconstitutional seizure. *Murray*, 137 Ill. 2d at 383. The court concluded, "In this instance there was no use of physical force or show of authority which would justify finding a seizure occurred." *Murray*, 137 Ill. 2d at 390.

In reaching that conclusion the *Murray* court relied on the circumstances indicative of a seizure articulated in *United States v. Mendenhall*, 446 U.S. 544, 64 L. Ed. 2d 497, 100 S. Ct. 1870 (1980). *Mendenhall* stated the following four circumstances may be indicative of a seizure, even where the person made no attempt to leave: (1) the threatening presence of several officers; (2) the display of a weapon by an officer; (3) some physical touching of the person of the citizen; and (4) the use of language or tone of voice indicating that compliance with the officer's request might be compelled. *Mendenhall*, 446 U.S. at 554, 64 L. Ed. 2d at 509, 100 S. Ct. at 1877.

The court in *Murray* found that "None of these examples occurred in this case. There were not several officers present; there were only the two partners. No weapons were displayed during the whole encounter, except for the gun found in defendant's vehicle. Neither was there any testimony of a physical touching, at least not until after the officer saw the weapon." *Murray*, 137 Ill. 2d at 391. However, the court in *Murray* further noted that such an encounter may be characterized as a seizure if the officer orders, rather than requests, that the occupant open the door or exit the car. *Murray*, 137 Ill. 2d at 392 (and cases cited therein).

The court in *Murray* noted an officer who needs to check on the

passengers in a vehicle may gain that person's attention by knocking on the window or, "if necessary, open[ing] the door if the occupant is asleep." *Murray*, 137 Ill. 2d at 392. In the instant case, the record reflects that the officer opened the door after the driver was awakened. Officer Escalante woke up the driver of the car and the record reflects no further need to gain the driver's attention or open the door. Applying the reasoning in *Murray*, the record reflects evidence that the actions of the officer arguably amounted to a seizure, as the driver was awake and it was no longer "necessary" for the officer to open the door.

In the instant case, one of defendant's viable defenses was to contest the legality of the seizure. We note that had the motion to quash arrest and suppress evidence succeeded, evidence needed for the State to prove possession of a controlled substance and unlawful use of weapon, namely, the controlled substance and the .25-caliber revolver, would have been suppressed. We find the prejudice prong of the *Strickland* test satisfied because, based on the record, the deficient performance of defense counsel rendered the result of the stipulated trial unreliable or the proceeding fundamentally unfair. See *People v. Richardson*, 189 Ill. 2d 401, 411 (2000). We note that our holding is limited to the conclusion that a motion to quash arrest and suppress evidence would have had a reasonable probability of success. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. We are not holding that a motion to suppress would have in fact succeeded but, rather, that such a motion would have had a reasonable probability of success.

We leave for resolution by the trial court the question as to whether the State, based upon the totality of the circumstances, will prevail on a motion to quash arrest and suppress evidence. We draw no conclusion regarding the outcome of such a motion if filed on remand; however, for the reasons previously stated, the failure by trial counsel to file such a motion was ineffective assistance of counsel. Defense counsel's most effective approach would have been to challenge the evidence by filing a motion to suppress. On remand, if such a motion is filed, the trial judge, mindful of the *Murray* reasoning, and based on the totality of the circumstances, including Officer Escalante opening the driver's door after the driver was awakened, will determine whether the officer made a clear show of authority, which would justify finding a seizure occurred, followed by a subsequent search of the vehicle without probable cause. *Murray*, 137 Ill. 2d at 390.

Regarding a motion to quash arrest and suppress evidence, we

reject the State's argument that defendant as a passenger in the vehicle lacked standing. A passenger in a vehicle does have standing when the seizure of the vehicle is made without probable cause. *People v. Bunch*, 327 Ill. App. 3d 979, 982 (2002); *People v. Kunath*, 99 Ill. App. 3d 201, 205 (1981). In the instant case, the record arguably does not justify a seizure based on probable cause. That statement is not meant to resolve this issue on remand; as previously noted, we are well aware the factual context of the instant case is not fully developed. Arguably, while the vehicle was stopped, the opening of the door by Officer Escalante amounted to a seizure of the vehicle. *Murray*, 137 Ill. 3d at 392. Sleeping in a car with the motor running does not justify governmental intrusion. *People v. Hinton*, 249 Ill. App. 3d 713, 718 (1993). Based on the record, a legitimate argument could be made that the seizure of the vehicle was made without probable cause; therefore, defendant had standing to suppress the evidence.

We note if defendant's arrest was unlawful, the question then arises whether defendant's subsequent statement to the police was obtained by exploitation of the illegality of the arrest. *People v. Foskey*, 136 Ill. 2d 66, 85 (1990). To determine whether there is a reasonable probability that defendant's statements were obtained by exploitation of the illegality of the arrest and would have been suppressed as a "fruit of the poisonous tree," we rely on the test established in *Brown v. Illinois*, 422 U.S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254 (1975). The factors, in addition to *Miranda* warnings, to be considered in order to determine whether the statement was a product of the arrest are the temporal proximity of the arrest and the statements, the presence of intervening circumstances, and the purposefulness and flagrancy of any official conduct alleged to be improper. *Brown*, 422 U.S. at 603-04, 45 L. Ed. 2d at 427, 95 S. Ct. at 2261-62. As previously noted, the record in the instant case is not fully developed. Whether suppression of the evidence would extend to the statement provided by the defendant can only be determined on remand in the context of a fully developed record.

For the reasons previously discussed, we find defense counsel rendered ineffective assistance of counsel. There is a reasonable probability that a motion to quash arrest and suppress evidence as the result of an illegal arrest would have been successful. The deficient representation prejudiced defendant because, had this evidence been suppressed, defendant had a reasonable probability of successfully challenging the charges against her. We, however, make no determination regarding defendant's ultimate success on such a motion. We further find it would be premature at this time to address the other arguments raised by defense counsel on appeal.

We reverse defendant's conviction and sentence. We remand for further proceedings consistent with this opinion.

Reversed and remanded.

GALLAGHER and FITZGERALD SMITH, JJ., concur.